OVERLAND EXPRESS, INC., Plaintiff,

v.

INTERNATIONAL
MULTIFOODS, Defendant.

No. IP 90–801–C.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Dec. 5, 1990.

James A. Knauer, Gregory P. Cafouros, Kroger Gardis & Regas, Indianapolis, Ind., for plaintiff.

Barbara R. Kueppers, Byron D. Olsen, Minneapolis, Minn., Michael A. Wukmer, Ice Miller Donadio & Ryan, Indianapolis, Ind., for defendant.

ORDER ON DEFENDANT'S MOTION FOR STAY OF PROCEEDINGS AND REFERRAL TO INTERSTATE COMMERCE COMMISSION

McKINNEY, District Judge.

 Counsel for the defendant filed a motion for stay and referral of this matter based on various defenses it is raising. In brief, the defendant contends that certain defenses it is raising come within the primary jurisdiction of the Interstate Commerce Commission ("ICC"). As is apparent from the ruling in the case of *Overland Express, Inc. v. Bay State Milling Co.*, IP 90–707C (S.D.Ind.1990) (copy attached), the Honorable John Daniel Tinder of this district has already addressed the central legal arguments with respect to primary jurisdiction of the ICC over "unreasonable rate" claims. Because Overland was a party to that decision and fully litigated the issues, the holdings are binding against Overland, and this Court accepts Judge Tinder's reasoning in full. It should also be clear that this Court does find that the assertion of an "unreasonable practice" claim regarding the collection of a filed rate after the payment of a negotiated rate is not a viable defense after the *Maislin Industries, U.S. v. Primary Steel, Inc.*, —— U.S. ——, 110 S.Ct. 2759, 111 L.Ed.2d 94 (1990), decision, and to the extent the defendant attempts to articulate such a defense as a basis for its request for referral, its efforts are in vain. However, the question of whether the defendant in this case has presented an adequate particularized showing to entitle it to referral to the ICC for the determination of the reasonableness or the applicability of rates remains unresolved.

## I. STANDARD FOR REMAND TO ICC

 The issue to be addressed is whether the assertion of the "unreasonable rate" defense merits reference to the ICC for a determination of whether the filed rate was unreasonable. The district court must examine the facts and make a preliminary determination of whether remand to the ICC is warranted. Neither the Supreme Court nor the Seventh Circuit has addressed the standard necessary to warrant remand. Therefore, the district court should give "respectful consideration" to the decisions of other circuits. *Colby v. J.C. Penney Co., Inc.*, 811 F.2d 1119, 1123 (7th Cir.1987); *Richards v. Local 134, Int'l Brotherhood of Electrical Workers*, 790 F.2d 633, 636 (7th Cir.1986).

In *Delta Traffic Service, Inc. v. Transtop, Inc.*, the First Circuit looked at the record to determine if it "raise[d] a possibility that the ICC might find the filed rate unreasonably high." 902 F.2d 101, 106 (1st Cir.1990). In that case, the rates charged and collected by the carrier from the shipper were substantially lower than the filed rates, and the ICC requested that the First Circuit remand the case for its determination of reasonableness. *Id.* The First Circuit determined that this difference in rates indicated that the filed rates may have significantly exceeded the cost of service. *Id.* Thus, it was possible that the ICC would find the filed rate to be unreasonably high, and the First Circuit remanded the rate reasonableness question.

In *Delta Traffic Service, Inc. v. Occidental Chemical Corp.*, 846 F.2d 911 (3d Cir. 1988), the Third Circuit seemed to require a stronger showing to warrant remand to the ICC. The Third Circuit stated that "[o]nly after [the district court] had ascertained the nature of the claim and related defenses could it know whether it needed to request 'the expert and specialized knowledge' of the ICC as a preliminary step in the resolution of th[e] matter." *Id.* at 914. Thus, "phrasing an issue as a matter of tariff construction or as a question of reasonableness does not determine the issue of primary jurisdiction." *Id.* at 914 n. 7.

■ The approach of the First Circuit, requiring only an assertion that the rate paid was substantially less than the filed rate, is little more than pleading unreasonableness. The Third Circuit appears to have the better approach in requiring some indication that the filed rate was indeed unreasonable. Therefore, the bald assertion that the negotiated rate was less than the filed rate for that particular carrier is not enough for this Court to refer the matter to the ICC. Something more is required before referral will be ordered. Specifically, this Court will look to the nature of the claim and related defenses to determine whether the ICC's specialized knowledge is required, as the Third Circuit has advised.

## II. ANALYSIS

■ The defendant has submitted various arguments in its motion for stay and referral. Defendant presents evidence that three other trucking companies rendered similar services as Overland. The defendant negotiated rates with these three trucking companies as well as with Overland for transportation of identical commodities over identical routes. Review of the evidence presented indicates that the negotiated rates for all the trucking concerns for a given route were substantially similar. For example, the defendant paid Overland $1.28 per mile for a shipment to Columbus, Ohio. The defendant paid J & R Schugel Trucking Company $1.27 per mile for the same route. Kujak Transportation received $1.27 and Overnight Express received $1.25 per mile for the same shipment. The filed rate for this route was $1.99 per mile. While the fact that all the negotiated rates were substantially similar does not necessarily prove that the filed rate was unreasonable, it does show that the negotiated rate may be economically sound. The exact economic determination mandated by 49 U.S.C. § 10701(e) is left to the special expertise of the ICC. Defendant has more than merely pleaded unreasonableness.

## III. CONCLUSION

In summary, the Court finds that defendant's motion shall be GRANTED. The proceedings in this Court are stayed and the matter is referred to the Interstate Commerce Commission for further action consistent with this order.